99 F.3d 1139
 78 A.F.T.R.2d 96-7261, 96-2 USTC P 50,611
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. REICHENBACH (Case No. 95-2260);
Kathleen S. Reichenbach (Case No. 95-2261), Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 96-2260, 96-2261.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1996.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges; MILES District Judge.*
 
 ORDER
 
 2
 These pro se litigants appeal a Tax Court judgment finding deficiencies in and imposing additions to their federal income tax. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a redetermination of their tax liability for 1991 and 1992, petitioners William Reichenbach (Case No. 95-2260) and Kathleen Reichenbach (Case No. 95-2261) challenged the Commissioner's notices of deficiency. The Tax Court consolidated the cases and conducted a hearing. The petitioners offered no evidence whatever at the hearing. Instead, they admitted that they had received the amounts of income asserted in the notices of deficiency and merely challenged the procedure by which the Commissioner notified them of the deficiency. In short, they claimed that the notices of deficiency were invalid. The Tax Court rejected petitioners' claim that the notices of deficiency were invalid. The Tax Court held for the Commissioner because the petitioners did not present any evidence to meet their burden of proof. Mr. and Mrs. Reichenbach appeal that judgment.
 
 
 4
 In their timely appeal, the petitioners reassert that the notices of deficiency were invalid.
 
 
 5
 The United States Court of Appeals has exclusive jurisdiction to review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a). Thus, a Tax Court's findings of fact can be disturbed only if they are clearly erroneous, and questions of law are subject to de novo review. Smith v. Commissioner, 926 F.2d 1176, 1178 (6th Cir.1992) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). The Commissioner's determination that a tax deficiency exists is presumptively correct. Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir.1992). The taxpayer bears the burden of proving that the determination is erroneous or arbitrary. Id. The taxpayer bears the burden of going forward and proving that a Tax Court's determination of deficiency is erroneous. Hagaman v. Commissioner, 958 F.2d 684, 690 (6th Cir.1992).
 
 
 6
 Upon review, we conclude that the Tax Court did not err.
 
 
 7
 Accordingly, the Tax Court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the Tax Court's memorandum findings of fact and opinion entered on August 9, 1995.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation